3679D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:20-cv-06027 |
| ) | |
| SWEET EXPRESS, INC., individually ) | |
| and d/b/a SWEET EXPRESS, LLC, ) | |
| SWEET EXPRESS, LLC, a foreign ) | |
| limited liability company, individually ) | |
| and d/b/a SWEET EXPRESS, LLC., ) | |
| and ELBERT GARNER ) | |
| ) | |
| Defendants. ) | |

**PETITION FOR REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332,1441, and1446, Defendant SWEET EXPRESS, LLC, a foreign limited liability company, hereby removes the above captioned civil action, presently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, Chicago. As grounds for removal of this civil action, Defendant states as follows:

1. On September 17, 2020, Plaintiff KENNETH SIMPSON ("Simpson") filed a Complaint at Law against Defendant regarding an alleged motor vehicle accident on June 8, 2020. That Complaint at Law was filed with the Circuit Court of Cook County, Illinois, County Department, Law Division as Case No. 2020-L-009966. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint at Law is

attached to this Petition for Removal as Exhibit A. There is no defendant SWEET EXPRESS, INC., individually and d/b/a SWEET EXPRESS, LLC. SWEET EXPRESS, INC. is an improper defendant in the case, has no connection with this motor vehicle accident, and upon information and belief after discussion with Plaintiff's counsel, it will be voluntarily dismissed from the case. See, Exhibit B.

2. On September 29, 2020, Defendant, received notice of the Summons and Complaint at Law *via* service of process, and engaged the undersigned counsel. Defendant was served that date. See Exhibit C.

### I. There is Complete Diversity of Citizenship of the Parties Under 28 U.S.C. §1332(a).[i]

3. When this lawsuit was filed on September 17, 2020, Plaintiff Simpson was a citizen of the United States and was domiciled in Waukegan, Illinois, at the address 2941 Meadowlark Lane, Waukegan, Illinois, 60847. Under 28 U.S.C. § 1332(a)(1), Plaintiff Simpson is a citizen of the State of Illinois. See *Newman-Green, Inc.*, 490 U.S. at 8 28.

4. SWEET EXPRESS, LLC, is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan. Under 28 U.S.C. § 1332(c)(1), SWEET EXPRESS, LLC is a citizen of the State of Michigan because both its members, Jasmin Vidinlic who resides at 6400 Tammarron Ct SE, Grand Rapids, MI 49546 and Damir Vidinlic who resides at 1740 Hillsboro Ave SE, Grand Rapids, MI 49546; are citizens of and residents of Michigan. See, Affidavit Exhibit B.

5. On September 17, 2020, when Plaintiff's Complaint was filed, Defendant ELBERT GARNER, ("Garner") was a citizen of the United States and was domiciled

in Eastpointe, Michigan, at the address 23304 Almond Avenue, Eastpointe, Michigan, 48021. Under 28 U.S.C. § 1332(a)(1), Defendant Garner is a citizen of the State of Michigan. See *Newman-Green, Inc.*, 490 U.S. at 8 28.

6. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the Parties.

**I. Plaintiff Simpson is Seeking More than the Jurisdictional Threshold for Removal Under 28 U.S.C. §1332(a).**

7. In his Complaint, Plaintiff Simpson alleges claims of negligence against Defendants and claims damages "in an amount in excess of One Hundred Thousand Dollars, ($100,000.00 dollars[.]" Ex. A at 5, Prayer for Relief; 9 at Prayer for Relief.

8. Pursuant to 28 U.S.C. § 1446(c)(2), Defendants assert that the amount in controversy is in excess of $75,000.00.

9. Further, Plaintiff Simpson alleges that he was caused to "sustain injuries" that are "permanent" and will in the future" "lose income" and "become liable for medical expenses." Ex. A at ¶20, p. 5, 9.

10. Additionally, on October 6, 2020, counsel for Defendant spoke with Plaintiff's counsel to learn the extent of Plaintiff Simpson's medical treatment for his alleged injuries so the matter could properly be staffed by Defense counsel. That discussion was followed up with a confirming email on October 6, 2020, regarding same. See, Exhibit D. Plaintiff's counsel confirmed that he could not Stipulate that he would only be seeking damages in an amount of $75,000.00, or less.

11. Mr. Simpson is seeking medical and other expenses in excess of $75,000.00, in addition to other damages that will exceed the jurisdictional threshold under 28 U.S.C. §1332(a).

## II. This Notice of Removal is Timely Under 28 U.S.C. §1446(b)(1).

12. Defendant first became aware of the Summons and Complaint at Law on September 29, 2020, as a result of service of process. See, Exhibit C.

13. This Petition for Removal is being filed on October 14, 2020, which is before the "30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based" in 28 U.S.C. §1446(b)(1).

14. This Court is the appropriate location for removal because it is part of the "district and division embracing the place where" Plaintiff filed this action, namely, Cook County, Illinois. 28 U.S.C. §1446(a).[ii]

15. Pursuant to 28 U.S.C. §1446(d), a copy of this Petition for Removal will be filed contemporaneously as a Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, and will be served contemporaneously on all counsel of record.

WHEREFORE, Defendant respectfully request that this action be removed from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:   October 9, 2020.                    Respectfully submitted,

  /s/ *Perry W. Hoag*
Perry W. Hoag #6194385
Alan J. Brinkmeier #6187198
CAMELI & HOAG, P.C.
105 West Adams Street, Suite 1430
Chicago, IL 60603
312-726-7300
phaog@camelihoaglaw.com
abrinkmeier@camelihoaglaw.com
*Counsel for Defendants*

---

[i] Sweet Express, Inc. need not be considered in the diversity of citizenship analysis.

[ii] A 28 U.S.C. sec. 1391 (b)(2) venue analysis pursuant to 28 U.S.C. sec. 1404 (a) will be presented by motion after the Removal is complete.  This alleged accident happened in McLean County, Illinois, which is in the venue of the United States District Court for the Central District of Illinois, sitting in Peoria.