**EXHIBIT A**

**12-Person Jury**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

FILED
9/17/2020 1:18 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009966

| | |
|---|---|
| KENNETH SIMPSON, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| SWEET EXPRESS INC. an Illinois corporation, individually, and d/b/a SWEET EXPRESS, LLC, SWEET EXPRESS LLC, a foreign Limited Liability Company, individually and d/b/a SWEET EXPRESS, INC. and ELBERT GARNER, | ) PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants. | ) |

## COMPLAINT AT LAW

### Count I – Negligence – Personal Injury – Sweet Express Inc.

Plaintiff, KENNETH SIMPSON, by GIBSON STEIGAUF, complains of Defendant, SWEET EXRESS INC. an Illinois corporation, individually, and d/b/a SWEET EXPRESS, LLC, stating:

1. On and before June 8, 2020, Defendant, SWEET EXPRESS INC., individually, and d/b/a SWEET EXPRESS, LLC (hereinafter "SWEET INC."), was an Illinois corporation that owned and operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois

2. On and before June 8, 2020, Defendant, SWEET INC.'s Registered Agent is Slaveyko Stoilov whose address is 1986 W. Algonquin Rd., Apt. 6C, Mount Prospect, Cook County, Illinois.

3. On and before June 8, 2020, Defendant, SWEET EXPRESS, LLC individually, and d/b/a SWEET EXPRESS INC. (hereinafter "SWEET LLC") was a foreign Limited Liability Company that was licensed to do business in the State of Illinois that owned and operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois.

4. On and before June 8, 2020, Defendant, ELBERT GARNER (hereinafter "GARNER"), operated said semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois.

5. At that time and place, and at all times relevant, the semi-truck operated by Defendant, GARNER was owned by Co-Defendant, SWEET INC.

6. Alternatively, at that time and place, and at all times relevant, the semi-truck operated by Defendant, GARNER was owned by Co-Defendant, SWEET LLC.

7. At that time and place, and at all times relevant, Defendant GARNER was an agent and/or employee and was acting within the scope of his employment and/or agency relationship of Co-Defendant, SWEET INC.

8. Alternatively, at that time and place, and at all times relevant, Defendant GARNER was an agent and/or employee and was acting within the scope of his employment and/or agency relationship of Co-Defendant, SWEET LLC.

9. At that time and place, Plaintiff, KENNETH SIMPSON, operated a semi-truck in a southbound direction on I-55 100 feet north of mile post 183 in Chenoa Township, McLean, County, Illinois.

10. At that time and place, I-55 had two southbound lanes of travel.

2

11. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON operated his semi-truck in the left southbound lane.

12. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON, operated his semi-truck at a slow speed due a crash and construction on I-55 southbound at Mile Post 182.

13. At that time and place, prior to the collision, Defendant, GARNER operated his semi-truck in the left southbound lane directly behind the Plaintiff's semi-truck as they traveled southbound on I-55.

14. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON, was moving forward slowly to merge from the left lane into the right lane because the left lane was closed ahead due to a crash and construction.

15. At that time and place, prior to the collision, all vehicles traveling in the left southbound lane were required to merge into the right lane because the left lane was closed ahead due a crash and construction.

16. At that time and time, there was a collision between the front of the Defendants' semi-truck and the rear of the Plaintiff's semi-truck.

17. At that time and place, and at all times relevant, there was in full force and effect the Illinois Statutory Vehicle Code ILCS 5/11-710(a) which states:

Following too closely.

"(a) the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

3

18. At that time and place, and at all times relevant, there was in full force and effect the Illinois Statutory Vehicle Code ILCS 5/11-601(a) which states:

General speed restrictions.

"(a) No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway; or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed ... when special hazard exists with respect to ... other traffic or ... highway conditions. Speed must be decreased as may be necessary to avoid colliding with any ... vehicle on ... the highway in compliance with legal requirements and the duty of all persons to use due care.

19. At that time and place, Defendant, SWEET INC. by and through its agents and employees, was negligent in one or more of the following ways:

   a. Allowed Elbert Garner to operate its semi-truck without a proper and sufficient lookout;

   b. Allowed Elbert Garner to operate its semi-truck at a rate of speed that was too great for traffic conditions;

   c. Allowed Elbert Garner to fail to keep control of its semi-truck;

   d. Allowed Elbert Garner to fail to decrease the speed of its semi-truck before making contact with Plaintiff's semi-truck;

   e. Allowed Elbert Garner to fail to decrease the speed of its semi-truck before approaching another semi-truck in front of it;

   f. Allowed Elbert Garner to fail to bring its semi-truck to a stop before making contact with the Plaintiff's semi-truck;

   g. Violated 625 ILCS 5/11-710(a) of the Illinois Vehicle Code; and

   h. Violated 625 ILCS 5/11-601(a) of the Illinois Vehicle Code.

4

20. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, KENNETH SIMPSON, sustained injuries and losses, including future surgeries and scarring, all of which are permanent, and which have and will in the future cause him great pain and suffering, and which have and will in the future cause him to become permanently disabled, and which have and will in the future cause him to lose income and earnings and other gains which he otherwise would have made, and which have and will in the future cause him to become liable for medical expenses.

WHEREFORE, the Plaintiff, KENNETH SIMPSON respectfully requests judgment against the Defendant, SWEET EXPRESS INC. an Illinois corporation, individually, and d/b/a SWEET EXPRESS LLC in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in the Law Division of the Circuit Court of Cook County, Illinois, plus costs.

### Count II – Negligence – Personal Injury – Sweet Express, LLC

Plaintiff, KENNETH SIMPSON, by GIBSON STEIGAUF, complains of Defendant, SWEET EXPRESS, LLC a foreign Limited Liability Company, individually, and d/b/a SWEET EXPRESS, INC. stating:

1. On and before June 8, 2020, Defendant, SWEET EXPRESS INC., individually, and d/b/a SWEET EXPRESS, LLC (hereinafter "SWEET INC."), was an Illinois corporation that owned and operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois

2. On and before June 8, 2020, Defendant, SWEET INC.'s Registered Agent is Slaveyko Stoilov whose address is 1986 W. Algonquin Rd., Apt. 6C, Mount Prospect, Cook County, Illinois.

5

3. On and before June 8, 2020, Defendant, SWEET EXPRESS, LLC individually, and d/b/a SWEET EXPRESS INC. (hereinafter "SWEET LLC") was a foreign Limited Liability Company that was licensed to do business in the State of Illinois that owned and operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois.

4. On and before June 8, 2020, Defendant, ELBERT GARNER (hereinafter "GARNER"), operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois.

5. At that time and place, and at all times relevant, the semi-truck operated by Defendant, GARNER was owned by Co-Defendant, SWEET INC.

6. Alternatively, at that time and place, and at all times relevant, the semi-truck operated by Defendant, GARNER was owned by Co-Defendant, SWEET LLC.

7. At that time and place, and at all times relevant, Defendant GARNER was an agent and/or employee and was acting within the scope of his employment and/or agency relationship with Co-Defendant, SWEET INC.

8. Alternatively, At that time and place, and at all times relevant, Defendant GARNER was an agent and/or employee and was acting within the scope of his employment and/or agency relationship with Co-Defendant, SWEET LLC.

9. At that time and place, Plaintiff, KENNETH SIMPSON, operated a semi-truck in a southbound direction on I-55 100 feet north of mile post 183 in Chenoa Township, McLean, County, Illinois.

10. At that time and place, I-55 had two southbound lanes of travel.

11. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON operated his semi-truck in the left southbound lane.

12. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON, operated his semi-truck at a slow speed due a crash and construction on I-55 southbound at Mile Post 182.

13. At that time and place, prior to the collision, Defendant, GARNER operated his semi-truck in the left southbound lane directly behind the Plaintiff's semi-truck as they traveled southbound on I-55.

14. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON, was moving forward slowly to merge from the left lane into the right lane because the left lane was closed ahead due to a crash and construction.

15. At that time and place, prior to the collision, all vehicles traveling in the left southbound lane were required to merge into the right lane because the left lane was closed ahead due a crash and construction.

16. At that time and time, there was a collision between the front of the Defendants' semi-truck and the rear of the Plaintiff's semi-truck.

17. At that time and place, and at all times relevant, there was in full force and effect the Illinois Statutory Vehicle Code ILCS 5/11-710(a) which states:

> Following too closely.
>
> "(a) the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

7

18. At that time and place, and at all times relevant, there was in full force and effect the Illinois Statutory Vehicle Code ILCS 5/11-601(a) which states:

> General speed restrictions.
>
> "(a) No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed ... when special hazard exists with respect to ... other traffic or ... highway conditions. Speed must be decreased as may be necessary to avoid colliding with any ... vehicle on ... the highway in compliance with legal requirements and the duty of all persons to use due care.

19. At that time and place, Defendant, SWEET LLC, by and through its agents and employees, was negligent in one or more of the following ways:

   a. Allowed Elbert Garner to operate its semi-truck without a proper and sufficient lookout;

   b. Allowed Elbert Garner to operate its semi-truck at a rate of speed that was too great for traffic conditions;

   c. Allowed Elbert Garner to fail to keep control of its semi-truck;

   d. Allowed Elbert Garner to fail to decrease the speed of its semi-truck before making contact with Plaintiff's semi-truck;

   e. Allowed Elbert Garner to fail to decrease the speed of its semi-truck before approaching another semi-truck in front of it;

   f. Allowed Elbert Garner to fail to bring its semi-truck to a stop before making contact with the Plaintiff's semi-truck;

   g. Violated 625 ILCS 5/11-710(a) of the Illinois Vehicle Code; and

   h. Violated 625 ILCS 5/11-601(a) of the Illinois Vehicle Code.

8

20.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, KENNETH SIMPSON, sustained injuries and losses, including future surgeries and scarring, all of which are permanent, and which have and will in the future cause him great pain and suffering, and which have and will in the future cause him to become permanently disabled, and which have and will in the future cause him to lose income and earnings and other gains which he otherwise would have made, and which have and will in the future cause him to become liable for medical expenses.

WHEREFORE, the Plaintiff, KENNETH SIMPSON respectfully requests judgment against the Defendant, SWEET EXPRESS LLC, a foreign Limited Liability Company, individually and d/b/a SWEET EXPRESS INC. in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in the Law Division of the Circuit Court of Cook County, Illinois, plus costs.

### Count III – Negligence – Personal Injury – Elbert Garner

Plaintiff, KENNETH SIMPSON, by GIBSON STEIGAUF, complains of Defendant, ELBERT GARNER. stating:

1.      On and before June 8, 2020, Defendant, SWEET EXPRESS INC., individually, and d/b/a SWEET EXPRESS, LLC (hereinafter "SWEET INC."), was an Illinois corporation that owned and operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois

2.      On and before June 8, 2020, Defendant, SWEET INC.'s Registered Agent is Slaveyko Stoilov whose address is 1986 W. Algonquin Rd., Apt. 6C, Mount Prospect, Cook County, Illinois.

9

3. On and before June 8, 2020, Defendant, SWEET EXPRESS, LLC individually, and d/b/a SWEET EXPRESS INC. (hereinafter "SWEET LLC") was a foreign Limited Liability Company that was licensed to do business in the State of Illinois that owned and operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois.

4. On and before June 8, 2020, Defendant, ELBERT GARNER (hereinafter "GARNER"), operated a semi-truck in a southbound direction on I-55 100 feet north of Mile Post 183 in Chenoa Township, McLean County, Illinois.

5. At that time and place, and at all times relevant, the semi-truck operated by Defendant, GARNER was owned by Co-Defendant, SWEET INC.

6. Alternatively, at that time and place, and at all times relevant, the semi-truck operated by Defendant, GARNER was owned by Co-Defendant, SWEET LLC.

7. At that time and place, and at all times relevant, Defendant GARNER was an agent and/or employee and was acting within the scope of his employment and/or agency relationship with Co-Defendant, SWEET INC.

8. Alternatively, at that time and place, and at all times relevant, Defendant GARNER was an agent and/or employee and was acting within the scope of his employment and/or agency relationship with Co-Defendant, SWEET LLC.

9. At that time and place, Plaintiff, KENNETH SIMPSON, operated a semi-truck in a southbound direction on I-55 100 feet north of mile post 183 in Chenoa Township, McLean, County, Illinois.

10. At that time and place, I-55 had two southbound lanes of travel.

11. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON operated his semi-truck in the left southbound lane.

12. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON, operated his semi-truck at a slow speed due a crash and construction on I-55 southbound at Mile Post 182.

13. At that time and place, prior to the collision, Defendant, GARNER operated his semi-truck in the left southbound lane directly behind the Plaintiff's semi-tractor trailer as they traveled southbound on I-55.

14. At that time and place, prior to the collision, Plaintiff, KENNETH SIMPSON, was moving forward slowly to merge from the left lane into the right lane because the left lane was closed ahead due to a crash and construction.

15. At that time and place, prior to the collision, all vehicles traveling in the left southbound lane were required to merge into the right lane because the left lane was closed ahead due a crash and construction.

16. At that time and place there was a collision between the front of the Defendants' semi-truck and the rear of the Plaintiff's semi-truck.

17. At that time and place, and at all times relevant, there was in full force and effect the Illinois Statutory Vehicle Code ILCS 5/11-710(a) which states:

> Following too closely.
>
> "(a) the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

11

18. At that time and place, and at all times relevant, there was in full force and effect the Illinois Statutory Vehicle Code ILCS 5/11-601(a) which states:

> General speed restrictions.
>
> "(a) No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed ... when special hazard exists with respect to ... other traffic or ... highway conditions. Speed must be decreased as may be necessary to avoid colliding with any ... vehicle on ... the highway in compliance with legal requirements and the duty of all persons to use due care.

19. At that time and place, Defendant, ELBERT GARNER, was negligent in one or more of the following ways:

    b. Operated his semi-truck without a proper and sufficient lookout;

    c. Operated his semi-truck at a rate of speed that was too great for traffic conditions;

    d. Failed to keep control of his semi-truck;

    e. Failed to decrease the speed of his semi-truck before making contact with the Plaintiff's semi-truck;

    f. Failed to decrease the speed of his semi-truck before approaching another semi-truck in front of them;

    g. Failed to bring his semi-truck to a stop before making contact with the Plaintiff's semi-truck;

    h. Violated 625 ILCS 5/11-710(a) of the Illinois Vehicle Code;

    i. Violated 625 ILCS 5/11-601(a) of the Illinois Vehicle Code.

20.  As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, KENNETH SIMPSON, sustained injuries and losses, including future surgeries and scarring, all of which are permanent, and which have and will in the future cause him great pain and suffering, and which have and will in the future cause him to become permanently disabled, and which have and will in the future cause him to lose income and earnings and other gains which he otherwise would have made, and which have and will in the future cause him to become liable for medical expenses.

WHEREFORE, the Plaintiff, KENNETH SIMPSON respectfully requests judgment against the Defendant, ERIC GARNER in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in the Law Division of the Circuit Court of Cook County, Illinois, plus costs.

By: /s/ John R. Steigauf
One of the Attorneys for Plaintiff

John R. Steigauf
GIBSON STEIGAUF
415 W. Washington St., Suite 103
Waukegan, IL 60085
T: (847) 263-5100
F: (847) 360-9100
E: office@gibsonsteigauf.com
Firm No.: 60108

13