3679D                                                                                            #6187198

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:20-cv-01381 |
| ) | |
| SWEET EXPRESS, LLC, ) | Judge Joe Billy McDade |
| and ELBERT GARNER ) | |
| ) | |
| Defendants. ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

### **FINDINGS**

This Court explicitly finds that this Order is necessary to:

1. Protect a party's right to privacy as guaranteed by article I, section 6 of the Illinois Constitution for each party in this lawsuit;

2. Ensure the parties' compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its accompanying rules and regulations governing the disclosure, maintenance, use, and disposal of protected health information (PHI), see generally 45 C.F.R. 160.103 & 160.501;

3. Require covered entities, see 45 C.F.R. 160.103, to disclose a party's PHI for use in this litigation without a separate disclosure authorization;

4. However, nothing in the attached order relieves any covered entity, Party, business associate, or their attorneys, attorneys' agents, representatives, or consultants, or various other

witnesses, or other personnel who request, receive, or review documents containing PHI, from complying with the requirements of the following statutes and regulations:

    a)      Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17;

    b)      AIDS Confidentiality Act, 410 ILCS 305/1-16;

    c)      Any federal statute or regulation protecting certain drug and alcohol records, *see*, *e.g.*, 42 U.S.C. §§290dd-3, 290ee-3; 42 C.F.R. Part 2;

    d)      Genetic Information Privacy Act, 410 ILCS 513/15-50; and

    e)      Any and all other applicable state and federal laws regulating or governing the disclosure, maintenance, use, and disposal of PHI.

5.      Permit insurance companies to receive PHI or what would otherwise be considered PHI from covered entities, business associates, and parties in litigation and to use, maintain, and dispose of PHI or what would otherwise be considered PHI in conformity with all applicable federal laws and the Illinois Insurance Code and its accompanying rules and regulations; and

6.      Further the interest of the State of Illinois in regulating the business of insurance.

## **STIPULATIONS**

7. A party disclosing PHI explicitly stipulates that she or he:

    i.      Read this court order before signing their name to be bound by it;

    ii.      Understand the contents of this court order;

    iii.      Stipulates to the entire contents of this court order and agrees to bound by it:

    iv.      Understands that by refusing to consent to the contents of this court order, the court may impose sanctions up to and including the dismissal of the complaint.

  v.  If the defendant breaches this agreement the court shall impose appropriate sanctions, including striking their answer and Ordering a prove up on damages.

## **ORDER**

**BASED ON THESE FINDINGS, STIPULATIONS, AND THE SIGNATURES OF PARTIES BY COUNSEL, AS AN EXHIBIT TO THE JOINT MOTION LEADING TO THIS ORDER, OF THE PARTY CONSENTING TO THE LIMITED DISCLOSURE OF PHI AS STATED IN THIS DOCUMENT, THIS COURT ORDERS THE FOLLOWING:**

8. The PHI of any party in this lawsuit may not be disclosed for any reason without that party's prior written consent and an order of this court;

9. A party that has disclosed PHI and agreed to the entry of this court order explicitly waives the right to privacy over the disclosed materials but only to the extent provided in this court order. The only disclosures explicitly waived and expressly permitted by this order are these:

  A. To insurance companies to disclose, maintain, use, and dispose of PHI or what would otherwise be considered PHI to comply and conform and future applicable federal and state statutes, rules, and regulations for purposes including:

    1. Reporting, investigating, evaluating, adjusting, negotiating, arbitrating, litigating, or settling claims;

    2. Compliance reporting or filing;

    3. Reporting criminal or unlawful conduct;

    4. Required inspections and audits;

      5.      Legally required reporting to private, federal, or state governmental health or medical insurance organizations, including, but not limited to, the Centers for Medicare and Medicaid Services (CMS);

      6.      Rate setting and regulation;

      7.      Reserve and actuarial determination;

      8.      Calculating loss;

      9.      Workers' compensation; and

      10.      Determining the need for and procuring excess or umbrella coverage or reinsurance;

      B.  As ordered by this or another court or arbitral body or by subpoena with reasonable notice to the parties and their attorneys for purpose of subpoena, reimbursement, or payment of liens arising out of or related to their lawsuit;

      C. To the parties to lawsuit and, their agents; and

      D. Necessary to comply with any other federal or state laws, rules, or regulations, but only with the party's express consent and entry of an appropriate court order.

10.      Any covered entity over which this court has jurisdiction that fails or refuses to disclose PHI in accordance with this court order is subject to all sanctions authorized by the Code of Civil Procedure and the Illinois Supreme Court Rules.

11.      A party to this lawsuit may provide PHI to an undisclosed consulting expert or controlled expert witness as defined in Federal Rule of Civil Procedure 26(a)(2) but only after receiving acknowledgement that each such consultant, expert or witness agrees to be bound by the terms of this order.

12.      No PHI or what would otherwise be considered PHI disclosed during the course of this lawsuit and received by an insurer may be re-disclosed to any business associate, see 45

C.F.R. § 160.103, Inc. or any of its parent, subsidiary, related companies, or successors, including the Insurance Services Office, Inc., unless the records re-disclosed have been de-identified pursuant to federal regulations. *See* 45 C.F.R. § § 164.504(d)(1)-(2) & 164.514(a)-(b).

13. Immediately after the conclusion of this lawsuit, as indicated by a court-entered order of dismissal, all parties and other persons or entities subject to this court order possessing PHI shall by agreement either return it to the party or non-party about whom it concerns or their attorney of record in this lawsuit or destroy it by shredding, pulverizing, melting, incinerating, or degaussing. This provision does not apply to insurers who possess what would otherwise be considered PHI under HIPAA but only to the extent as limited in paragraph 2.

14. No parties or their attorneys, agents, or representatives are permitted to request, obtain, or disclose PHI or any other type of medical bills, records, or related information other than through the formal discovery procedures authorized by the Federal Rules of Civil Procedure, applicable case law and Orders of this court.

15. The parties are prohibited from including or attaching PHI to any document filed with the Clerk of the Court. PHI necessary for the court's consideration of any matter must be provided separately.

16. The parties are prohibited from including or attaching PHI to any document filed with the Clerk of the Court. PHI necessary for the court's consideration of any matter must be provided separately.

17. This court retains jurisdiction to enforce the terms of this order after the conclusion of this litigation.

|  |  |
|---|---|
|  | ENTER: |
| Date: February 23, 2021 | s/ Jonathan E. Hawley |
|  | Hon. Jonathan E,. Hawley<br>United States Magistrate Judge |

Submitted by:

/s/ Alan J. Brinkmeier
Perry Hoag
Alan J. Brinkmeier
CAMELI & HOAG, P.C.
105 West Adams Street, Suite 1430
Chicago, Illinois  60603
(312) 726-7300 (t.)
phoag@camelihoaglaw.com (e.)
abrinkmeier@camelihoaglaw.com (e.)

Health Insurance Portability and Accountability Act of 1996 ("HIPAA") authorization.

Signature of Patient _____ Date of Birth 10-10-1968
Kenneth Simpson

Date: Feb 17th 2021